NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0779n.06

No. 13-1724

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

TAYLOR HUNT,

       Plaintiff-Appellant,

v.

METROPOLITAN LIFE INSURANCE
COMPANY and HAVI GROUP LP
HEALTHCARE AND SURVIVOR
DISABILITY PLAN,

       Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Oct 10, 2014
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

BEFORE: DAUGHTREY, SUTTON, and DONALD, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. In this Employee Retirement Income Security Act (ERISA) case, plaintiff Taylor Hunt appeals a district court decision upholding an ERISA plan administrator's denial of her claim for long-term disability benefits. Because the district court correctly applied this circuit's precedent and cogently explained its reasoning for entering summary judgment in favor of the defendants, Metropolitan Life Insurance Company and HAVI Group LP Healthcare and Survival Disability Plan (collectively, MetLife), we affirm.

Beginning in early 2009, Hunt's health began to deteriorate. Her symptoms included debilitating pain and fatigue. By the end of that year, these symptoms forced her to leave her position as director of digital promotions at HAVI Group, a large shipping and logistics

company. She would eventually be diagnosed with fibromyalgia, adrenal fatigue, gait disturbance, lumbar spondylosis, dysomnia, and depression.

In June of 2010, Hunt filed for long-term disability benefits under her employer's ERISA-controlled insurance plan. The plan's administrator, MetLife, denied the claim because it did not consider Hunt's supporting documentation to be adequate. Hunt refiled the claim. This time, she included notes and diagnostic reports from her treating physicians that described Hunt's symptoms and expressed the physicians' professional opinion that Hunt was unable to return to work. MetLife reviewed Hunt's new information, but did not conduct a physical examination, and again denied the claim, explaining that Hunt's documents failed to include any "objective findings to support [your] subjective complaints at this point in time or to impair you to the point where you would have any restrictions/limitations that would preclude you from being able to work fulltime." MetLife informed Hunt of her right to appeal and advised her to submit "medical records to include office visit notes, diagnostic-testing, lab reports, treatment plans and current restrictions and limitations that are causing a functional impairment that would prevent you from returning to work."

Hunt appealed the decision. She supplied further records from her treating physicians that set out her symptoms and physical limitations, and she provided MetLife with medical literature explaining that fibromyalgia is of "unknown etiology" and therefore cannot be objectively detected or diagnosed. MetLife conducted a second paper review of Hunt's submissions. The document reviewer found that "the records available for review did not document objective findings that support Ms. Hunt's inability to work," and MetLife affirmed its denial of benefits. Hunt filed suit in the United States District Court for the Eastern District of Michigan shortly thereafter.

Hunt's primary argument, both in the district court and on appeal, is that it was arbitrary and capricious to require her to provide objective evidence of her disability. She offers three reasons: first, the terms of the insurance plan itself do not contain an objective evidence requirement; second, it is unreasonable to require "objective evidence" of diseases like fibromyalgia, which are susceptible only to clinical, not objective, diagnosis; and third, she lacked notice of the need to present objective evidence because MetLife's rejection letters did not clearly communicate this requirement. Hunt further contends that the physicians who reviewed her documents labored under a conflict of interest because they were on MetLife's payroll and that MetLife improperly credited the results of its paper review over the opinions of her treating physicians.

Hunt does not dispute that the arbitrary and capricious standard of review applies, and she apparently concedes that she did not provide MetLife with anything that could be considered "objective evidence" of her disease or the functional limitations resulting from it.

In granting summary judgment to MetLife, the district court held, first, that MetLife did not act arbitrarily or capriciously when it demanded objective evidence supporting Hunt's claim. In this circuit, "[r]equiring a claimant to provide objective medical evidence of disability is not irrational or unreasonable," even when such a requirement does not appear among the plan terms. *Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 166 (6th Cir. 2007) (citation omitted). Second, and without disputing Hunt's claim that fibromyalgia resists objective diagnosis, the district court also found it reasonable for MetLife to require objective evidence of functional limitations resulting from Hunt's fibromyalgia—limitations that could, for example, have been chronicled by a functional capacity evaluation.

The district court also found no error in MetLife's use of paid medical document reviewers. Although recognizing the potential for structural conflict created by such an arrangement, *see Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008), the district court correctly applied "Sixth Circuit caselaw [that] requires a plaintiff not only to show the purported existence of a conflict of interest, but also to provide 'significant evidence' that the conflict actually affected or motivated the decision at issue." *Cooper*, 486 F.3d at 165 (quoting *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir.1998)). Hunt provided no evidence that the conflict influenced the paper reviewers' decision in her case.

Likewise, the district court found no error in MetLife's decision to credit its own non-treating physician reviewers over Hunt's treating doctors—a proper application of our circuit's rule that "[u]nder ERISA, plan administrators are not required to accord special deference to the opinions of treating physicians." *Balmert v. Reliance Standard Life Ins. Co.*, 601 F.3d 497, 504 (6th Cir. 2010) (citing *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003)). "Reliance on other physicians is reasonable so long as the administrator does not totally ignore the treating physician's opinions," *id.* (citing *Black & Decker*, 538 U.S. at 834), and Hunt does not argue that MetLife did so in this case.

Finally, Hunt contends on appeal that MetLife failed to comply with ERISA's notice requirements under 29 U.S.C. § 1133 because the rejection letters did not clearly communicate MetLife's insistence on objective evidence. The district court did not have occasion to address this argument because Hunt raised it for the first time on appeal. As a result she has "forfeit[ed] the right to have the argument addressed on appeal." *Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006) (citation omitted).

In short, the reasons supporting this decision have been ably articulated by the district court. The issuance of a full written opinion by this court would, therefore, be duplicative and serve no useful precedential purpose. We therefore AFFIRM the judgment of the district court upon the reasoning set forth in the opinion and order filed on April 29, 2013.